FRITZ CLAPP (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA 90213
Telephone:888-292-5784
Facsimile: 888-325-4159
E-mail: fritz@fritzclapp.com

Attorney for Plaintiff
NICHOLAS GUREWITCH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **NICHOLAS GUREWITCH**,<br><br>Plaintiff,<br><br>v.<br><br>**OKX INC. (formerly OKCOIN USA INC.), a Delaware corporation; AUX CAYES FINTECH CO. LTD., a Seychelles company; and DOES 1–10, inclusive**,<br><br>Defendants. | **Case No. 5:26-cv-13402**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1. Plaintiff Nicholas Gurewitch brings this action for unauthorized commercial reproduction, adaptation, and public display of his copyrighted visual work known as “Quiz Kid” (the “Work”) in advertising and promotion of the OKX cryptocurrency business.

2. OKX-branded posts published on or about June 25, 2023, at https://x.com/okx/status/1672864725124743168, and on or about April 14, 2024, at https://x.com/okx/status/1779691141857755339 (the “Posts”) incorporated the Work

without permission and superimposed OKX branding on the image. On information and belief, the Posts remained publicly accessible on November 5, 2026.

3. Plaintiff seeks relief for actionable infringements within the limitations period and any earlier infringements timely under the applicable discovery rule, including injunctive relief, damages, and such other relief as the law permits.

## PARTIES

4. Plaintiff Nicholas Gurewitch is a natural person and the author and owner of the copyright in the Work. He is a resident of the State of New York.

5. Defendant OKX Inc., formerly OKCoin USA Inc. ("OKX US"), is a Delaware corporation with a reported principal business address at 160 W. Santa Clara Street, Suite 1200, San Jose, California 95113. OKX US operates U.S. services under the OKX brand.

6. Defendant Aux Cayes FinTech Co. Ltd. ("Aux Cayes") is, on information and belief, organized under the laws of Seychelles and has operated cryptocurrency services under the OKX name, including during 2023.

7. Plaintiff is informed and believes that one or more Defendants, acting directly or through agents responsible for the @okx account, commissioned, approved, published, maintained, or controlled the Posts. The allocation of responsibility between the entities is presently within Defendants' knowledge and will be established through discovery.

8. The true names and capacities of DOES 1–10 are unknown. Plaintiff will seek leave to amend when identified. Each Doe is alleged to have participated in the infringement as further established by discovery.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

10. The Court has personal jurisdiction over OKX US because it maintains its principal place of business in San Jose, California and is at home in this District.

11. On information and belief, Aux Cayes purposefully directed the challenged OKX-branded commercial promotion into the United States, including California, and participated in an integrated business and marketing operation with substantial California contacts.

12. Venue is proper under 28 U.S.C. § 1400(a) because OKX US resides in this District for venue purposes; venue as to Aux Cayes is additionally proper under 28 U.S.C. § 1391(c)(3), subject to proof of its foreign status. Assignment to the San Jose Division is appropriate based on OKX US's San Jose operations.

## FACTUAL ALLEGATIONS

13. Plaintiff created an original four-panel illustrated comic entitled "Quiz Kid" (the "Work"), attached as Exhibit A.

14. Plaintiff published the Work on his PBF website at https://pbfcomics.com/comics/quiz-kid/ on or about September 3, 2016. The webpage identifies the work as "Quiz Kid," identifies Plaintiff as the creator of PBF, and bears a copyright notice in Plaintiff's name.

15. Plaintiff owns all right, title, and interest in the Work, including the exclusive rights granted by 17 U.S.C. § 106. Plaintiff has not assigned or licensed to Defendants any right to reproduce, adapt, distribute, or publicly display the Work.

16. Plaintiff submitted to the United States Copyright Office a complete application, deposit, and fee to register the Work. The Copyright Office registered the Work under Registration No. VA 2-519-253.

17. On or about June 25, 2023, the @okx account published the Post at https://x.com/okx/status/1672864725124743168, incorporating substantially similar and recognizable protected expression from the Work, and adding OKX's logo or trademark to promote its brand.

18. On or about April 14, 2024, the @okx account published the Post at https://x.com/okx/status/1779691141857755339, incorporating substantially similar and recognizable protected expression from the Work, and adding OKX's logo or

trademark to promote its brand.

19. The challenged use was promotional and intended to attract attention to OKX's commercial products or services. The Work was used as advertising creative rather than for criticism of or commentary upon the Work itself.

20. On information and belief, Defendants or their agents copied the Work, prepared the branded version, uploaded the resulting image to X, and caused it to be displayed to the public without authorization.

21. On information and belief, the Posts remained available at least through November 5, 2026. Screen shots of the posts from that date are shown on Exhibit B attached hereto. Plaintiff seeks discovery concerning posting history, impressions, advertising expenditures, audience targeting, reposting, takedown decisions, and the identities of personnel or entities controlling the account.

22. Plaintiff or his agents were aware of the infringing Posts no later than June 1, 2026.

23. The copying was intentional. The prominent appropriation and branding of a third-party creative work, together with any post-notice persistence proved in discovery, support an inference of knowledge or reckless disregard. Plaintiff will seek discovery regarding the source of the image, copyright checks, notices, and subsequent decisions to maintain the Posts.

24. Defendants' unauthorized exploitation has deprived Plaintiff of control over commercial licensing and the value of the Work and has benefited the OKX business.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement (17 U.S.C. §§ 106 and 501)

25. Plaintiff incorporates paragraphs 1 through 24.

26. Plaintiff owns the copyright in the Work and has complied with the registration prerequisite of 17 U.S.C. § 411(a).

27. Without authorization, one or more Defendants reproduced the Work,

prepared an infringing derivative adaptation, and publicly displayed the Work in connection with the Posts, violating Plaintiff's exclusive rights under 17 U.S.C. § 106.

28. Defendants' conduct was volitional and caused actionable infringement. The infringement was willful or, at minimum, undertaken with reckless disregard for Plaintiff's rights, subject to proof.

29. As a direct and proximate result, Plaintiff suffered damages and Defendants obtained benefits attributable to infringement, in amounts to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally to the extent permitted by law, as follows:

A. A declaration that Defendants infringed Plaintiff's copyright;

B. Preliminary and permanent injunctive relief under 17 U.S.C. § 502 against further unauthorized reproduction, distribution, adaptation, and public display, including removal of infringing material under Defendants' control;

C. At Plaintiff's election, actual damages and attributable profits under 17 U.S.C. § 504(b), or statutory damages under § 504(c), including any permissible enhancement for willfulness;

D. Costs and reasonable attorney's fees under 17 U.S.C. § 505 to the extent authorized by law, including § 412;

E. Prejudgment and postjudgment interest where legally available; and

F. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: November 7, 2026

/s/ Fritz Clapp

Attorney for Plaintiff NICHOLAS GUREWITCH




VA 2-519-253

**EXHIBIT A**

https://x.com/okx/status/1672864725124743168




https://x.com/okx/status/1779691141857755339




**EXHIBIT B**